SO ORDERED.

SIGNED this 21 day of March, 2007.

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **LOUISE BABCOCK BONEY,** | **Case No. 05-08253-8-JRL** |
| **Debtor.** | **Chapter 7** |

_____

**ALGERNON L. BUTLER, III,**
**TRUSTEE IN BANKRUPTCY FOR**
**LOUISE BABCOCK BONEY,**

        **Plaintiff,**

**v.**                                 **Adversary Proceeding No.**
                                            **07-00004-8-AP**

**LOUISE BABCOCK BONEY,**

        **Defendant.**

<u>**ORDER**</u>

This adversary proceeding is before the court on the trustee's motion for default judgment.

On March 13, 2007, the court conducted a hearing on this matter in Wilmington, North Carolina.

On January 15, 2007, the trustee filed the subject adversary proceeding against the *pro se*

debtor, Louise Babcock Boney, seeking to revoke her discharge, pursuant to 11 U.S.C. §

1

727(a)(6)(A) and (d)(3), for failure to abide by court orders entered March 22, 2006 and April 17, 2006. Service of the summons and complaint may be made within the United States by first class mail. Fed. R. Bankr. P. 7004(b). Service is complete upon mailing. Fed. R. Bankr. P. 9006(e). The docket reflects that the summons and complaint were served by first class mail on January 17, 2007 to the debtor at her residence located at 7311 Murrayville Road, Wilmington, NC 28411. Because the debtor failed to respond to the complaint, the trustee filed a motion for entry of default and motion for default judgment. On February 21, 2007, the clerk of court made an entry of default against the debtor.

On February 28, 2007, the debtor filed a response seeking the clerk of court to set aside the entry of default. The debtor asserts that she did not receive the summons and complaint in the mail. At the hearing, the debtor stated that her neighbors occasionally received her mail. The debtor's husband, Homer Mac Boney, III, who resides with the debtor, stated that he had not seen the summons and complaint in the mail. The debtor and Mr. Boney, however, concede that they received the complaint in Adversary Proceeding 06-00269-8-AP that was served December 19, 2006 to the same designated address.

The court may set aside an entry of default for good cause shown. Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(c). There is a presumption that an item mailed through the United State Postal Services to an accurate address has been received by the addressee. In re Cruey, 158 B.R. 66, 69 (Bankr. W.D. Va. 1993). The presumption cannot be rebutted by a mere denial of receipt. In re Convalescent Center of Roanoke Rapids, Inc., No. 06-00310-8-JRL (Bankr. E.D.N.C. Jul. 27, 2006); Cruey, 158 B.R. at 69. Even assuming the debtor had provided sufficient evidence to rebut the presumption of receipt, when determining whether to set aside an entry of default, the court should

2

consider whether the defaulting party has a meritorious defense, whether the defaulting party acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the defaulting party, whether there is a history of dilatory action, and the availability of less drastic sanctions. <u>Payne v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006).

A "meritorious defense" is established by "a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." <u>U.S. v. Moradi</u>, 673 F.2d 725, 727 (4th Cir. 1982). The debtor clearly does not have a meritorious defense. The order of March 22, 2006 required the debtor to provide a list of her husband's medical billing debts at the time of filing the bankruptcy case to the trustee within ten days of entry of the order. The order of April 17, 2006 required the debtor and Mr. Boney to attend a Rule 2004 examination at the Chapter 7 trustee's office and to produce sworn statements regarding Mr. Boney's medical debts, including the identity of each creditor, the current amount of each debt, and the date that each debt was incurred. Moreover, pursuant to the April 17, 2006 order, the debtor and Mr. Boney were required to provide the billing statements or invoices for all such debts.

Based on evidence presented at a two-day hearing conducted in October 2006, the court held the debtor in contempt for clearly violating the court's orders to produce her husband's medical billing information to the trustee, which information was necessary for the administration of the estate. The court found that the debtor had continually avoided the production of the medical billing information and had failed to show that she was unable to comply with the court's orders. The debtor moved to convert her case to Chapter 13 one day before the scheduled Rule 2004 examination, and she and Mr. Boney failed to attend the Rule 2004 examination. The court concluded that she used conversion as a way to avoid her duty to produce the medical billing

3

information in the Chapter 7 case. Based on the debtor's bad faith and contemptuous conduct, the court reconverted the case to Chapter 7. The court's findings of facts and conclusions of law are memorialized in an order entered November 7, 2006. The court's order of November 7, 2006 has res judicata effect regarding whether the debtor complied with the orders of March 22, 2006 and April 17, 2006, which is the subject of the trustee's complaint in this adversary proceeding.

The debtor acted with reasonable promptness in filing a letter to set aside the entry of default. Considering the personal responsibility of the defaulting party, while the debtor claims that she did not receive the summons and complaint by mail, she provided insufficient proof to rebut the presumption of receipt. The court finds no prejudice to the defaulting party, as there are no meritorious defenses to the adversary proceeding since the court has already ruled that the debtor failed to comply with the court's orders of March 22, 2006 and April 17, 2006. Regarding whether there is a history of dilatory action, the debtor continually avoided providing the Chapter 7 trustee with needed information in the underlying bankruptcy case. The court finds that there are no less drastic sanctions than entry of default. Considering all of the factors, the court denies setting aside the entry of default.

Based on the foregoing, the court grants the trustee's motion for default judgment, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure made applicable by Rule 7055 of the Federal Rules of Bankruptcy Procedure. Accordingly, the debtor's discharge is revoked pursuant to 11 U.S.C. § 727(a)(6)(A) and (d)(3).

"END OF DOCUMENT"

4